# UNITED STATES ex rel. JAEGELER v. CARUSI, COMMISSIONER OF IMMIGRATION AND NATURALIZATION, et al.

No. 275. Argued January 7, 1952.—Decided January 28, 1952.

*Gordon Butterworth* argued the cause for petitioner. With him on the brief was *George C. Dix*.

*Samuel D. Slade* argued the cause for respondents. With him on the brief were *Solicitor General Perlman* and *Assistant Attorney General Baldridge*.

PER CURIAM.

On February 1, 1942, pursuant to the Alien Enemy Act of 1798, as amended,[1] the Attorney General of the United States interned petitioner, a German citizen residing in this country. On May 3, 1946, acting under the same

[1] "Whenever there is a declared war between the United States and any foreign nation or government, or any invasion or predatory incursion is perpetrated, attempted or threatened against the territory of the United States by any foreign nation or government, and the President makes public proclamation of the event, all natives,

statute, the Attorney General directed petitioner's removal to Germany. Thereafter, petitioner applied for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania, and on October 9, 1950, after hearings, the District Court denied relief. The Court of Appeals for the Third Circuit affirmed, 187 F. 2d 912, and petitioner applied to this Court for a writ of certiorari on August 24, 1951.

While that petition was under consideration by the Court, a joint resolution of Congress, approved on October 19, 1951, terminated the state of war which had existed between the United States and Germany. 65 Stat. 451. We granted certiorari. 342 U. S. 864 (1951).

The statutory power of the Attorney General to remove petitioner as an enemy alien ended when Congress terminated the war with Germany.[2] Thus petitioner is no longer removable under the Alien Enemy Act.

---

citizens, denizens, or subjects of the hostile nation or government, being of the age of fourteen years and upward, who shall be within the United States and not actually naturalized, shall be liable to be apprehended, restrained, secured, and removed as alien enemies. The President is authorized in any such event, by his proclamation thereof, or other public act, to direct the conduct to be observed on the part of the United States, toward the aliens who become so liable; the manner and degree of the restraint to which they shall be subject and in what cases, and upon what security their residence shall be permitted, and to provide for the removal of those who, not being permitted to reside within the United States, refuse or neglect to depart therefrom; and to establish any other regulations which are found necessary in the premises and for the public safety." 1 Stat. 577, as amended, 50 U. S. C. § 21.

The Attorney General acted under Presidential Proclamation No. 2526, 6 Fed. Reg. 6323, and Presidential Proclamation No. 2655, 10 Fed. Reg. 8947.

[2] "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That the state of war declared to exist between the United States and the Government of Germany by the joint resolution of Congress approved December

The judgment of the Court of Appeals is vacated and the cause is remanded to the District Court with directions to vacate its judgment and direct petitioner's release from custody.

*It is so ordered.*

MR. JUSTICE CLARK took no part in the consideration or disposition of this case.

---

11, 1941, is hereby terminated and such termination shall take effect on the date of enactment of this resolution: *Provided, however,* That notwithstanding this resolution and any proclamation issued by the President pursuant thereto, any property or interest which prior to. January 1, 1947, was subject to vesting or seizure under the provisions of the Trading With the Enemy Act of October 6, 1917 (40 Stat. 411), as amended, or which has heretofore been vested or seized under that Act, including accruals to or proceeds of any such property or interest, shall continue to be subject to the provisions of that Act in the same manner and to the same extent as if this resolution had not been adopted and such proclamation had not been issued.. Nothing herein and nothing in such proclamation shall alter the status, as it existed immediately prior hereto, under that Act, of Germany or of any person with respect to any such property or interest." H. J. Res. 289, 82d Cong., 1st Sess., 65 Stat. 451.